IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MAYLI SANCHEZ, | ) | |
| | ) | Civil Action File No.: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL REQUESTED |
| CHEROKEE BRICK AND TILE CO., | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

COMES NOW Plaintiff, Mayli Sanchez ("Sanchez" or "Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendant for interfering with the rights afforded to her by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII") and in support thereof states as follows:

## I. Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391(b) because all or a substantial portion of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court.

## II. The Parties

3. Plaintiff MAYLI SANCHEZ resides in Macon, Georgia and is a citizen of the United States. Plaintiff was employed by Defendant in Macon, Georgia (within this District).

4. Defendant CHEROKEE BRICK & TILE COMPANY ("Cherokee Brick") is a corporation based in Macon, Georgia, which conducts business within this State and District and maintains its principal place of business at 3250 Waterville Road, Macon, GA 31206. Cherokee Brick is a corporation specializing in the production of building materials. Cherokee Brick is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Kenneth D. Sams located at 3250 Waterville Rd., Macon, GA 31206.

5. Cherokee Brick was and is an "employer" within the meaning of Title VII. Upon information and belief (obtained from Cherokee Brick's LinkedIn page), Cherokee Brick employs more than 500 employees.

### III. Facts

6. Sanchez was hired by Cherokee Brick and Tile Company ("Cherokee Brick") on October 3, 2021. Sanchez worked as a salesperson until on or about in early June 2022, when Sanchez was promoted to the Safety Department.

7. On or about June 6, 2022, Sanchez had a date with a co-worker and supervisor at Cherokee Brick, Urian Lyons. After seeing him one more time,

Sanchez informed him, on June 9, that she was not interested in further pursuing a relationship with him. After informing him that she did not want to pursue a relationship, Mr. Lyons began harassing Sanchez; repeatedly calling and texting her despite her having told him she did not wish to pursue a relationship. Mr. Lyons arrived at her other job at Wild Wings Café with flowers and became noticeably upset when Sanchez reiterated that she did not want to see him and, based on his actions, she wanted nothing further to do with him. Sanchez had to block his telephone number in an attempt to prevent additional harassment and Sanchez stayed at a friend's house out of fear of Mr. Lyons.

8. Sanchez's manager at Cherokee Brick learned about Mr. Lyons's harassment and reported the incident to Human Resources. Sanchez had a meeting with Human Resources, the Safety Director, Whitley Maddox, and her manager, Whitney Tanner, and during the entire meeting Sanchez was blamed for entertaining the notion of entering into a relationship with a co-worker/supervisor despite nothing in the employee handbook prohibiting relationships between Cherokee Brick employees. The meeting was very one-sided, and Sanchez was repeatedly blamed for being the victim of Mr. Lyons's harassment. Sanchez was then removed from her new position in safety. Sanchez was later informed by her manager that Mr. Lyons had done this before to another female employee of Cherokee Brick and that Mr. Lyons has a criminal record and is currently on

3

probation. The next day, the owner of Cherokee Brick, Kate Sams Peeve, came and talked to me, HR employee Tami Emerick, and manager Tanner about the situation and said that Cherokee Brick was going to do an investigation into her claims, but that Sanchez was not allowed back into the plant until "the situation calmed down a little."

9. Soon after her meeting with Human Resources, people at Cherokee Brick began treating Sanchez differently, in a negative way. For example, people who had previously been cordial to Sanchez, including, but not limited to, Ms. Tanner and another co-worker, Maddi Wooten, would ignore Sanchez. Another co-worker, David Johnson, informed Sanchez that he been informed about the harassment "case" and had been told by "higher ups" not to talk to her. Another co-worker, Raymond Davis, told Sanchez that he had also been informed of her harassment complaint by his supervisors and that it would be in his best interest "not to talk to [her]."

10. Sanchez became ill on September 2, 2022 and was out of work until September 8, 2022. Sanchez had, and provided to Cherokee Brick, a doctor's note for her absence.

11. Approximately two hours after her arrival on September 8, 2022, Sanchez's computer shut down and her key fob did not work. Fifteen minutes later, Sanchez's manager called Sanchez into her office with the owner and Head of

Sales and told Sanchez that she was terminated for allegedly creating a hostile work environment. Sanchez requested an explanation as to what she had allegedly done that was hostile, but was provided no details or explanations.

**IV.     Plaintiff's Claim**

**Count 1:     Discrimination and Retaliation on the Basis of Sex in Violation of Title VII of the Civil Rights Act of 1964**

12.     During Ms. Sanchez's employment with Cherokee Brick, Cherokee Brick intentionally treated Ms. Sanchez differently and less favorably than similarly-situated male employees.

13.     At the time the above-referenced actions occurred, Ms. Sanchez was female and subject to the protection of Title VII.

14.     Cherokee Brick's conduct in harassing Ms. Sanchez on the basis of her sex, ignoring her complaints about that harassment, and ultimately using Ms. Sanchez's sex and complaints about harassment as a motivating factor in her termination violated Ms. Sanchez's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq. See, e.g. Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338 (2015); *Byrd v. Lakeshore Hospital*, 30 F.3d 1380 (11th Cir., 1994).

15.     Ms. Sanchez has fulfilled all statutory requirements necessary to file a charge of sex discrimination and retaliation under Title VII.

**Count 2:     Negligent Training, Negligent Supervision, Negligent Retention, and Failure to Implement Effective Policies**

16. Defendant entrusted certain duties, including dealing with complaints of sexual harassment, to certain employees.

17. Therefore, Defendant had a duty to exercise reasonable care in training, supervising, and disciplining such employees in exercising their duties.  The need for such training was and is obvious from the nature of the responsibilities entrusted to such employees.

18. Defendant deliberately failed to implement and enforce procedures that employees need to ensure the constitutional protections of Cherokee Brick employees.

19. Defendant's negligent training, negligent failure to train, failure to properly supervise, and failure to implement policies resulted in the unconstitutional harassment and retaliation of the Plaintiff.

20. As of the date of Sanchez's complaint, a number of complaints had been lodged against her harasser.

21. Defendant knew, or should have known, of Lyons' propensity to harass his co-workers.

22. Accordingly, Defendant should never have allowed Lyons to remain employed.  Allowing Lyons to remain employed led to the unlawful deprivation of Plaintiff's rights when she was subjected to severe harassment and her complaints about that harassment were ignored.

23. As a result of Defendant's negligence, Plaintiff suffered injuries described in the preceding paragraphs of this Complaint.

**Relief Sought**

Plaintiff Sanchez seeks a judgment against Defendant granting Plaintiff Sanchez compensatory (including, but not limited to back pay, front pay, and loss of benefits), statutory, exemplary and punitive damages, interest, liquidated damages, attorneys' fees, costs of litigation, and any and all additional relief as an empaneled jury and this Court deem appropriate. Recognizing damages in this matter are continuing, Plaintiff demands no less than three hundred thousand dollars ($300,000.00).

**Conclusion**

WHEREFORE Plaintiff respectfully requests a **trial by jury** on all of Plaintiff's claims which are so triable, and that judgment be entered in Plaintiff's favor and against Defendant on all counts set forth above.

Respectfully submitted this 22nd day of February, 2023.

/s/ Tyler B. Kaspers
Tyler B. Kaspers, Ga. Bar No. 445708
THE KASPERS FIRM, LLC
152 New Street, Suite 109B
Macon, GA  31201
404-944-3128 (Phone)
tyler@kaspersfirm.com