# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| MAYLI SANCHEZ,<br><br>*Plaintiff*,<br><br>v.<br><br>CHEROKEE BRICK AND TILE CO.,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:23-cv-00072-TES |

## ORDER

Before the Court is Defendant Cherokee Brick & Tile Co.'s Motion to Dismiss [Doc. 3]. In that Motion, Defendant contends that Plaintiff failed to "sufficiently allege she exhausted her administrative remedies." [Doc. 3, p. 3]. However, Plaintiff need not attach a copy of her EEOC charge in order to meet the exhaustion requirement. As the Eleventh Circuit instructs, a charge filed with the EEOC is a condition precedent to bringing suit in federal court. *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 999–1000 (11th Cir. 1982).[1] Because of that, a plaintiff need only satisfy Federal Rule of Civil Procedure 9(c)—which requires that a "plaintiff must generally allege in [her] complaint

---

[1] Defendant's Motion does not cite to *Jackson*. Instead, Defendant cites three unpublished Eleventh Circuit cases—but two of those cases do cite directly to *Jackson*. *See* [Doc. 3-1, p. 3 (citing *Rizo v. Ala. Dep't of Hum. Res.*, 228 F. App'x 832, 836 (11th Cir. 2007) and *Burnett v. City of Jacksonville*, 376 F. App'x 905, 907 (11th Cir. 2010))]. Therefore, those citations gave Plaintiff notice of the applicable law underlying Defendant's arguments.

that 'all conditions precedent to the institution of the lawsuit have been fulfilled.'" *Id.* (citing former Fed. R. Civ. P. 9(c)). Rule 9(c) now provides that "it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

But that does not answer the exact question presented here. Defendant challenged the "veracity of the plaintiff's allegation" regarding administrative exhaustion. *Jackson*, 678 F.2d at 1010. Accordingly, Plaintiff "bears the burden of proving that the conditions precedent . . . have been satisfied." *Id.*

Plaintiff's Response [Doc. 5] only asserts that Plaintiff's counsel emailed Defendant's counsel about the applicable EEOC charge. [Doc. 5, p. 3]. However, that does not carry the burden of showing exhaustion. Indeed, Plaintiff failed to attach a copy of the EEOC charge or right-to-sue letter.[2] Plaintiff only rehashed caselaw arguing that she need not attach the EEOC charge to her Complaint. That is true—but it also misses the point. Once Defendant raised a challenge to Plaintiff's exhaustion, that required Plaintiff to present evidence showing she appropriately exhausted her remedies.

Instead of deciding this narrow issue with only part of the story, the Court exercises its discretion and notifies the parties of its intention to convert Defendant's Motion to Dismiss to a summary-judgment motion <u>solely on the issue of exhaustion</u>. *See*

---

[2] To be clear, Defendant apparently didn't request the file from the EEOC in order to review the charge.

2

*Tillery v. U.S. Dep't of Homeland Sec.*, 402 F. App'x 421, 423 (11th Cir. 2010); *Prop. Mgmt. & Invs., Inc. v. Lewis*, 752 F.2d 599, 605 (11th Cir. 1985) (requiring courts to give ten-days notice when intending to convert a motion to dismiss to a motion for summary judgment); *see also Mosby v. City of Byron, Ga.*, No. 21-10377, 2022 WL 1136835, at *1 (11th Cir. Apr. 18, 2022). In that converted motion, the Court will consider any evidence the parties wish to enter into the record.

Therefore, the parties must **RESPOND** with any evidence—related to the exhaustion issue—<u>within **TEN DAYS**</u>.

**SO ORDERED**, this 30th day of May, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**